## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAMES HENDERSON, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | 3:09-cv-2135 (WWE) |
| | : | |
| EBM-PAPST, INC., | : | |
|     Defendant. | : | |

### MEMORANDUM OF DECISION

Defendant Ebm-Papst, Inc. moves for summary judgment on the one-count complaint filed by plaintiff James Henderson pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq. For the following reasons, defendant's motion for summary judgment will be granted.

### BACKGROUND

Defendant, a manufacturing company, hired plaintiff as an accountant in September 2000, when he was 47 years old. Plaintiff reported to the accounting manager, Jack Relidzinski, who was 52 years old. In 2002, plaintiff asked Relidzinski about obtaining tuition assistance from defendant in order to pursue a master's degree. Relidzinski told plaintiff that he would have to wait until John Swider, a 42-year-old accountant with more seniority, completed his master's degree. In 2004, plaintiff asked Relidzinski about tuition assistance again, and Relidzinski replied that Swider still had not finished his degree. Plaintiff stated that he felt defendant was preventing him from obtaining a master's degree. According to plaintiff, Relidzinski replied that defendant would be committing age discrimination if that were so.

In 2006, defendant's vice president of finance administration, Don Beckwith, who was 49 years old, asked plaintiff to apply for the position of accounts payable supervisor. Plaintiff declined because he believed that position was "a step backwards" in his career. Defendant asserts that the position would have advanced plaintiff's career because it included supervisory duties, unlike plaintiff's position of accountant. Plaintiff believed that being an accountant was more important than being accounts payable supervisor. Beckwith told plaintiff that he would not advance within the company if he did not apply for the supervisory position.

Plaintiff told Beckwith that he wanted to attend the University of New Haven for his master's degree, but Beckwith advised him to apply to the University of Connecticut or Central Connecticut State University because they require less expensive tuition. Plaintiff then applied to the University of Connecticut at Waterbury, and Beckwith provided a recommendation letter in support. However, plaintiff's application was rejected on the basis of a low standardized test score. Plaintiff did not apply to any other schools.

In March 2008, Beckwith and Relidzinski decided to reassign certain job responsibilities between plaintiff and another accountant, Nathan Adams, who was 26 years old. Plaintiff felt that the reassignment was due to his decision not to pursue the position of accounts payable supervisor. In August 2008, plaintiff was working on a periodic accounting report that had previously been one of Adams's responsibilities. The report was due on September 2, 2008, but plaintiff told Beckwith that he probably would not be able to finish it on time. Plaintiff then failed to meet the deadline.

Plaintiff met with Beckwith on September 3, 2008 to discuss another report that

was due on September 15, 2008.  This report was particularly important because defendant planned to make certain business decisions after reviewing it.  Plaintiff believed that the deadline would be impossible to satisfy.  After the meeting, plaintiff decided to leave work early at 2 p.m. to go home "to decide what to do."  Plaintiff decided to contact a recruiter about finding a new job.

The next day, plaintiff informed Beckwith that he was looking for a new job, and Beckwith offered his assistance.  Beckwith asked plaintiff whether he was going to complete the reports or whether he wanted to leave his job immediately.  Plaintiff answered that he would try to complete the reports, but he was not confident that he would be successful.  Plaintiff felt that Beckwith was dissatisfied with that answer and was pressuring him to resign.  According to plaintiff, Relidzinski joined the conversation, observing that plaintiff was "not getting any younger."  Plaintiff was unsure about the meaning of that comment, but he thought it probably meant that it could be difficult for him to find a new job at the age of 55 in the midst of a recession.  At the end of the meeting, Beckwith decided to terminate plaintiff, characterizing the decision as part of a restructuring.  Plaintiff subsequently obtained a new job as an accountant for the town of Trumbull, Connecticut.

**DISCUSSION**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper."  Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849 (1991).

The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. American Int'l Group, Inc. v. London Am. Int'l Corp., 664 F.2d 348, 351 (2d Cir. 1981). In determining whether a genuine factual dispute exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

If the nonmoving party has failed to make a sufficient showing on an essential element of the case with respect to which the nonmoving party has the burden of proof, then summary judgment is appropriate. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the nonmoving party submits evidence that is "merely colorable," there is insufficient legal opposition to the motion for summary judgment. Anderson, 477 U.S. at 249.

"To withstand a motion for summary judgment, a discrimination plaintiff must withstand the three-part burden-shifting [test] laid out by McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973) . . . . In a nutshell, a plaintiff first bears the 'minimal' burden of setting out a prima facie discrimination case, and is then aided by a presumption of discrimination unless the defendant proffers a legitimate, nondiscriminatory reason for the adverse employment action, in which event, the presumption evaporates and the plaintiff must prove that the employer's proffered reason was a pretext for discrimination." McPherson v. New York City Dept. of Education, 457 F.3d 211, 215 (2d Cir. 2006).

Defendant first argues that plaintiff's claim is time barred. Defendant relies on plaintiff's deposition testimony that he felt the age discrimination consisted of preventing him from obtaining a master's degree from 2002 to 2006 and reassigning job

4

responsibilities between plaintiff and Adams in March 2008. Plaintiff filed his charge with the Connecticut Commission on Human Rights and Opportunities on February 4, 2009, which was after the expiration of the time period prescribed in 29 U.S.C. § 626(d)(1), assuming that the unlawful discrimination last occurred in March 2008. In opposition, plaintiff argues that his termination on September 4, 2008 was an adverse employment action and that the February 2009 charge was filed within the required time period. The Court agrees with plaintiff on this issue. Although plaintiff's testimony suggested at one point that his age discrimination claim was limited to the facts regarding his interest in a master's degree and the reassignment of job duties, plaintiff's complaint alleges a fact relating to age discrimination in connection with his termination, namely, Relidzinski's statement that plaintiff was "not getting any younger." Plaintiff's claim is therefore timely.

Defendant next argues that plaintiff has failed to establish a prima facie case. To meet that requirement, plaintiff must show that (1) he is a member of the protected class; (2) his job performance was satisfactory; (3) he suffered an adverse employment action; and (4) the action occurred under conditions that suggest an inference of discrimination. Demoret v. Zegarelli, 451 F.3d 140, 151 (2d Cir. 2006). Plaintiff satisfies the first element because he was over age 40, and he satisfies the third element because his termination was an adverse employment action.

As to the second element, plaintiff's job performance became unsatisfactory when he failed to finish the report that was due on September 2, 2008. Beckwith also found plaintiff's lack of confidence about the important report due on September 15, 2008 to be unsatisfactory. Therefore, it is doubtful that plaintiff satisfies the second

element of the prima facie case. Plaintiff argues that the deadlines were impossible to meet, but he does not present evidence regarding the amount of time needed to complete the reports and the amount of time that was available to him.

Even if the Court assumed that plaintiff satisfied the second element, the Court concludes that plaintiff does not satisfy the fourth element because the record as a whole does not suggest an inference of age discrimination. As to plaintiff's efforts to obtain a master's degree, Relidzinski indicated that defendant was able to provide tuition assistance to only one employee at a time, and so plaintiff had to wait until his more senior colleague finished his degree. When it was plaintiff's turn, Beckwith supported plaintiff's application with a recommendation letter, but plaintiff failed to secure admission due to a low test score. None of the facts relating to plaintiff's interest in a master's degree suggest that defendant was hindering plaintiff's efforts because of his age.

As to the reassignment of job duties between plaintiff and Adams, plaintiff fails to argue that the reassignment constituted a significant reduction in material responsibilities. Plaintiff proceeded to experience difficulty with the timely completion of a report for which the less experienced Adams previously had responsibility. Plaintiff felt that defendant was retaliating against him for not applying for the position of accounts payable supervisor, but plaintiff fails to argue that that position would have been a demotion. Defendant claims that the position would have been a promotion because of the supervisory duties. Although plaintiff felt that position was less important, he does not produce any evidence bolstering his feeling. The facts relating to plaintiff's reassignment and the invitation to apply for the supervisory position do not

6

suggest that defendant was discriminating against him on account of his age.

Plaintiff's termination occurred after he failed to meet a deadline, expressed a lack of confidence in his ability to meet another deadline, and informed Beckwith that he was seeking a new job. The only fact relating to plaintiff's termination that is relevant to his claim of age discrimination is Relidzinski's comment that plaintiff was "not getting any younger." Plaintiff thought that Relidzinski was saying that plaintiff could have difficulty finding a new job at the age of 55 during a recession. The context of Relidzinski's comment supports plaintiff's understanding. The comment was allegedly made after plaintiff discussed his problems with the deadlines and admitted that he wanted a new job. The inference raised by the comment is that Relidzinski wondered whether plaintiff would be able to find a new job, since employers might hold his age against him. Even if the Court had found an inference of discrimination on the basis of that comment, it would not constitute enough evidence under the third prong of McDonnell Douglas for a reasonable jury to find that defendant terminated plaintiff because of his age. Summary judgment for defendant is therefore appropriate.

## CONCLUSION

Defendant's motion for summary judgment (Doc. #18) is GRANTED. The Clerk is directed to close this case.

Dated at Bridgeport, Connecticut, this 31st day of August, 2011.

/s/
Warren W. Eginton
Senior United States District Judge

7